IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| HOBSONS, INC., | : | |
| Plaintiff, | : | Case No. 1:20-CV-1004 |
| | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | **ORDER GRANTING MOTION FOR** |
| KIMBERLY OPPELT, | : | **TEMPORARY RESTRAINING** |
| | : | **ORDER** |
| Defendant. | : | |
| | : | |

This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order (Doc. 5). Plaintiff Hobsons, Inc. ("Hobsons") requests a temporary restraining order to prevent the disclosure of its confidential and trade secret information by former employee Defendant Kimberly Oppelt ("Oppelt"), and enforcement of Hobsons' employment agreement to prevent Oppelt's employment with an alleged direct competitor of Hobsons, MajorClarity, Inc. ("MajorClarity"). Having considered Hobsons' Complaint, Amended Complaint, Motion for Temporary Restraining Order and Preliminary and Permanent Injunctive Relief and Damages, and submitted evidence, and having heard argument of counsel for both sides on December 16, 2020, the Court makes the following findings and conclusions in accordance with Rule 65 of the Federal Rules of Civil Procedure:

    A. Hobsons has shown a likelihood of success on the merits of its Complaint;

    B. Hobsons will suffer immediate and irreparable harm unless Oppelt is enjoined from: (1) accessing, using and subverting Hobsons' confidential, proprietary and trade secret information; and (2) competing with Hobsons by offering services to MajorClarity and doing business with or soliciting any current or former

customers, partners, or employees of Hobsons, in breach of Oppelt's employment agreement.

C. The balance of equities favors the entry of this Order; and

D. Entry of this Order is in the public interest.

Therefore, Plaintiff's Motion for a Temporary Restraining Order is **GRANTED** and the Court **ORDERS** as follows:

1. Oppelt is temporarily enjoined from directly or indirectly using, disclosing copying or transmitting Hobsons' confidential or trade secret information for any purpose; and

2. Oppelt is temporarily enjoined from engaging in competition with Hobsons including providing services to MajorClarity and from doing business with or soliciting any current or former customers, partners, or employees of Hobsons. However, Oppelt is permitted to remain employed by MajorClarity during the pendency of this matter so long as she does not provide services to MajorClarity during that time.

**IT IS FURTHER ORDERED** that, after consultation with counsel for both parties, this Order is extended pursuant to Rule 65(b) until 11:59 p.m. on January 8, 2021, unless a subsequent Order of this Court states otherwise. On **January 7, 2021 at 10:00 a.m.**, the parties shall appear before this Court to determine whether Oppelt should be preliminarily enjoined pending trial from engaging in the above-described conduct. Oppelt and witnesses who reside more than 50 miles from the Courthouse may appear electronically. Counsel for both parties will receive further instruction regarding appearance of witnesses via videoconference.

2

**IT IS FURTHER ORDERED** that both parties have leave to engage in expedited discovery prior to the preliminary injunction hearing.

**IT IS SO ORDERED.**

Judge Susan J. Dlott
United States District Court