# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### CINCINNATI

| | |
|---|---|
| **HOBSONS, INC.**<br>400 E-Business Way, Suite 400<br>Cincinnati, Ohio 45241<br><br>　　　　**Plaintiff,**<br><br>vs.<br><br>**KIMBERLY OPPELT**<br>2140 Ponderosa Circle<br>Duluth, Minnesota, 55811<br><br>　　　　**Defendant.** | : Case No. 1:20cv1004-SJD<br><br>: Judge Susan J. Dlott<br><br>:<br>: **TEMPORARY RESTRAINING ORDER**<br>: **BY AGREEMENT**<br>:<br>:<br>:<br>: |

This matter is before the Court upon the Motion by consent of Plaintiff Hobsons, Inc. ("Hobsons") and Defendant Kimberly Oppelt ("Oppelt") for the entry of a temporary restraining order.

The parties' Motion is **GRANTED.** It is hereby **ORDERED** as follows:

1.　　Defendant, Kimberly Oppelt ("Oppelt") is hereby temporarily ENJOINED from:

　　a)　　Being employed by or providing services or business information, directly or indirectly, as an employee, consultant, independent contractor or otherwise, to MajorClarity, Inc. or any of its parents, subsidiaries, affiliates, officers, directors, or employees;

　　b)　　Directly or indirectly receiving compensation or remuneration of any kind from MajorClarity, Inc. or any of its parents, subsidiaries, affiliates, officers, directors, or employees;

      c)      Violating the Employment, Confidential Information and Invention Assignment Agreement dated June 22, 2018 ("Agreement") Oppelt entered into with Hobsons;

      d)      Using, disseminating, or disclosing any of Hobsons' confidential, proprietary and trade secret information;

      e)      Directly or indirectly soliciting any of Hobsons' Customers or prospective Customers, as defined in the Agreement;

      f)      Persuading any of Hobsons' clients to cease doing business with Hobsons and/or persuading any of Hobsons' clients to conduct business with another business competitive with Hobsons; and,

      g)      Taking any action that would destroy any evidence relevant to this matter, including any metadata.

2.      Oppelt is temporarily enjoined from directly or indirectly using, disclosing copying or transmitting Hobsons' confidential or trade secret information for any purpose; and

3.      Oppelt is further ordered to surrender and cease using the cellular telephone number issued to her by Hobsons within 3 (three) days of the date of this Order.

4.      Oppelt is temporarily enjoined from engaging in competition with Hobsons including providing any services to MajorClarity and from doing business with or soliciting any current or former customers or employees of Hobsons.

5.      All parties in active concert or participation with Oppelt who have actual notice of this Order be and are enjoined from violating, participating in the violation, and causing or inducing the violation of this Order.

**IT IS FURTHER ORDERED** that this Order shall expire 45 (forty-five) days from the date hereof unless the time is extended by this Court in accordance with Rule 65(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

                                           S/Susan J. Dlott
                                           Susan J. Dlott
                                           United States District Judge

Entered this 20th day of January, 2021