IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
CINCINNATI

| | |
|---|---|
| HOBSONS, INC.<br>400 E-Business Way, Suite 400<br>Cincinnati, Ohio 45241<br><br>Plaintiff,<br><br>vs.<br><br>KIMBERLY OPPELT<br>2140 Ponderosa Circle<br>Duluth, Minnesota, 55811<br><br>Defendant. | : Case No. 1:20cv1004-SJD<br><br>: Judge Susan J. Dlott<br><br>:<br>ORDER FOR CONSENT JUDGMENT<br>: AND PERMANENT INJUNCTION<br>:<br>:<br>:<br>: |

THIS MATTER is before the court on the joint Motion for the entry of a consent judgment and permanent injunction against Defendant Kimberly Oppelt, and the dismissal with prejudice of this action against proposed defendants MajorClarity, Inc. and Joseph Belsterling. Having considered the joint motion and reviewed the pleadings, the court enters the following Order.

## ORDER

It is hereby ORDERED that the parties' joint Motion is GRANTED.

## JUDGMENT and PERMANENT INJUNCTION

It is hereby ORDERED as follows:

1. Defendant, Kimberly Oppelt ("Oppelt") is hereby ENJOINED from:

    a) Being employed by or providing services or business information, directly or indirectly, as an employee, consultant, independent contractor or otherwise, to

1

MajorClarity, Inc. or any of its parents, subsidiaries, affiliates, officers, directors, or employees, from the date of this Order through and including June 1, 2022;

b) Receiving compensation or remuneration of any kind from to MajorClarity, Inc. or any of its parents, subsidiaries, affiliates, officers, directors, or employees, from the date of this Order through and including June 1, 2022;

c) Violating the terms of the Employment, Confidential Information and Invention Assignment Agreement dated June 22, 2018 ("Agreement") Oppelt entered into with Hobsons, for the durations stated in the Agreement and starting from December 1, 2020;

d) Using, disclosing, copying or transmitting any of Hobsons' confidential or trade secret information for any purpose;

e) Directly or indirectly soliciting any of Hobsons' Customers or prospective Customers, as defined in the Agreement, from the date of this Order through and including December 1, 2022;

f) Persuading any of Hobsons' clients to cease doing business with Hobsons and/or persuading any of Hobsons' clients to conduct business with another business competitive with Hobsons, from the date of this Order through and including December 1, 2022; and,

g) Taking any action that would destroy any evidence relevant to this matter, including any metadata.

2. Oppelt is further ORDERED to surrender and cease using the cellular telephone number issued to her by Hobsons.

3. All parties in active concert or participation with Oppelt who have actual notice of this Order be and are enjoined from violating, participating in the violation, and causing or inducing the violation of this Order.

4. This Consent Judgment and Permanent Injunction shall be binding upon and inure to the benefit of the parties hereto and their successors and assigns. The parties acknowledge, and the Court finds, that this Consent Judgment and Permanent Injunction is intended to be the final order disposing of all issues in this matter, except as additional orders or rulings may be necessary to enforce this Consent Judgment and Permanent Injunction.

5. Any claims raised in this litigation are rendered moot, are hereby dismissed, and the Court considers this action concluded, and the Court will take no further action in this matter unless requested to do so by any party to enforce this Consent Judgment and Permanent Injunction. Any and all claims asserted or proposed to be asserted against Oppelt, MajorClarity, Inc. and Joseph Belsterling are hereby dismissed with prejudice.

6. The Court shall retain jurisdiction over this action for the purpose of enforcing the Consent Judgment and Permanent Injunction hereby entered.

7. The Clerk of Court is instructed to administratively close this action.

**IT IS SO ORDERED.**

_____
Susan J. Dlott
United States District Judge

Entered this 8th day of Feb, 2021
Cincinnati, Ohio